**Motion Granted and Abatement Order filed March 12, 2020**



In The

# Fourteenth Court of Appeals

_____

NO. 14-19-00920-CR
_____

**JEFFREY WAYNE WOFFORD, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 180th District Court
Harris County, Texas
Trial Court Cause No. 1592815**

## ABATEMENT ORDER

This appeal arises from a conviction following a jury trial. The clerk's record does not contain the court's charge on guilt-innocence or punishment, as required by Texas Rule of Appellate Procedure 34.5(a)(4). It also does not include two of four juror notes to the trial court. Appellant requested the district clerk to supplement the clerk's record with the two charges and two notes. A deputy district clerk stated in an affidavit that after a diligent search of the file, those items could not be located.

Texas Rule of Appellate Procedure 34.5(e) governs lost or destroyed portions of the clerk's record:

> If a filing designated for inclusion in the clerk's record has been lost or destroyed, the parties may, by written stipulation, deliver a copy of that item to the trial court for inclusion in the clerk's record or a supplement. If the parties cannot agree, the trial court must—on any party's motion or at the appellate court's request—determine what constitutes an accurate copy of the missing item and order it to be included in the clerk's record or a supplement.

Tex. R. App. P. 34.5(e). Appellant filed a motion to abate under Rule 34.5(e) and asked us to direct the trial court to make the determinations required by that rule. The motion has been on file for more than 10 days, and no response has been filed.

We **GRANT** the motion to abate and order as follows:

The 180th District Court shall immediately conduct a hearing at which appellant, appellant's counsel, and state's counsel shall participate, either in person or by video teleconference, to determine the following: (1) whether a filing designated for inclusion in the clerk's record has been lost or destroyed; (2) whether the parties may, by written stipulation, deliver a copy of that item to the trial court clerk for inclusion in a supplement to the clerk's record; or (3) if the parties cannot agree, what constitutes an accurate copy of the missing item. The court is directed to reduce its findings of fact to writing and to have a supplemental clerk's record containing those findings and, if applicable, the accurate copy of the missing item, filed with the clerk of this court by **April 13, 2020**.

The appeal is abated, treated as a closed case, and removed from this court's active docket. The appeal will be reinstated on this court's active docket when the trial court's findings are filed in this court. The court will also consider an appropriate motion to reinstate the appeal filed by either party, or the court may reinstate the appeal on its own motion. It is the responsibility of any party seeking

reinstatement to request a hearing date from the trial court and to schedule a hearing in compliance with this court's order. If the parties do not request a hearing, the court coordinator of the trial court shall set a hearing date and notify the parties of such date.

PER CURIAM

Panel consists of Justices Christopher, Wise, and Zimmerer